### JOHN AMICO, PLAINTIFF, v. LORRIE DAMATO, DEFENDANT.

Submitted February term, 1923—Decided June 5, 1923.

Negligence—Collision Between Motor Trucks—Accident at Street Crossing—Counter-Claim for Damages—Evidence Considered.

On cross action. On counter-claim.

Before Justices KALISCH, BLACK and KATZENBACH.

For the plaintiff, *Morrison, Lloyd & Morrison.*

For the defendant, *Collins & Corbin.*

PER CURIAM.

This case is before us on a defendant's rule to show cause why a verdict rendered in favor of the plaintiff should not be

set aside and a new trial granted.  The suit arose out of a collision between two motor trucks.  The defendant filed with his answer a counter-claim.  Each party contended the accident was due to the negligence of the other.  The motor truck of the plaintiff was being driven by his son on Rochelle avenue, in Rochelle Park, Bergen county, southwardly, towards the borough of Lodi.  Rochelle avenue extends along the easterly side of Saddle river.  It is crossed at right angles by Essex street, which is continued over Saddle river by means of a bridge.  The driver of the plaintiff's truck testified that as he was approaching Essex street he blew the horn of his truck and saw no vehicle approaching the crossing.  When he reached the center of Rochelle avenue, the truck which he was driving was struck by the defendant's truck, which was being driven in a westerly direction, and knocked towards the bridge crossing the river.  He further testified that the truck of the defendant was going "pretty fast," and did not stop until it had proceeded a distance of two hundred and fifty feet.

The driver of the plaintiff's truck was the only eye-witness testifying for the plaintiff.  Another witness for the plaintiff testified that when he reached the scene of the accident the plaintiff's truck was facing north on the right hand side of the road, about two feet from the bridge, and that in the centre of the street there were marks showing the direction the plaintiff's truck had taken toward the bridge.  The court, upon this testimony, declined to nonsuit.  The driver of the defendant's truck testified that he was going west on Essex street and had the two front wheels of his truck half on the bridge when he was struck by the plaintiff's truck, that the front spring and chassis of the plaintiff's truck were locked in the right rear wheel of the defendant's truck.

The trial court refused to direct a verdict for the defendant. We think the rulings of the trial court were correct.  The plaintiff, under the traffic act, had the right of way at the crossing.  This, it is true, is but a circumstance to be taken into consideration in deciding the question of negligence, but this, taken in connection with the testimony of the driver of the plaintiff's truck and the testimony of the marks on the

road after the collision, was, we think, sufficient to permit the case to go to the jury on the question of the defendant's negligence. There was also sufficient evidence on behalf of the defendant to warrant the submission of the defendant's counter-claim to the jury. The evidence presented questions peculiarly for the determination of a jury. The jury evidently believed the testimony offered on behalf of the plaintiff. We are of the opinion that the jury was warranted by the evidence in accepting the plaintiff's version of how the accident occurred and that the verdict is not contrary to the weight of the evidence.

The rule to show cause is discharged.